NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**AHMAD ALJINDI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-1230

_____

Appeal from the United States Court of Federal Claims
in No. 1:21-cv-01295-SSS, Judge Stephen S. Schwartz.

_____

Decided:  April 5, 2023

_____

AHMAD JAMALEDDIN ALJINDI, Irvine, CA, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

_____

PER CURIAM.

Dr. Ahmad Aljindi appeals the decision of the U.S. Court of Federal Claims denying his motion for summary judgment and granting the government's motion to dismiss. For the reasons set forth below, we affirm.

BACKGROUND

In 2021, Dr. Aljindi filed a complaint *pro se* at the Court of Federal Claims. The complaint alleged various claims, including employment discrimination; intellectual property theft; "negligence and tort," *Aljindi v. United States*, No. 2022-1117, 2022 WL 1464476, at \*1 (Fed. Cir. May 10, 2022) (*Aljindi I*); and "ongoing judicial corruption, abuse, and torture in addition to the Government's abuse and torture," *id.* (cleaned up). The Government moved to dismiss Dr. Aljindi's complaint for failure to state a claim, and the Court of Federal Claims granted that motion.

Dr. Aljindi appealed that dismissal to this court. *See id.* We affirmed the Court of Federal Claims' dismissal of most of Dr. Aljindi's claims because that court lacked jurisdiction to consider them. *Id.* at \*2–3. But we vacated-in-part the trial court's dismissal because Dr. Aljindi's complaint "mentioned copyrights law violations in the relief section," which could "be liberally construed as a copyright infringement claim over which the Court of Federal Claims would have jurisdiction." *Id.* at \*3 (cleaned up). Accordingly, we remanded for the trial court "to consider the Government's position that Dr. Aljindi's complaint fails to state a claim for copyright infringement." *Id.*

On remand, the Government moved to dismiss Dr. Aljindi's copyright infringement claim for failure to state a claim. *See Aljindi v. United States*, No. 21-1295C, 2022 WL 17330006, at \*1 (Fed. Cl. Nov. 28, 2022)

(*Aljindi II*); SAppx.[1] 1–4.  The Government argued that
Dr. Aljindi's complaint failed to state a copyright infringe-
ment claim because, even construed liberally, his com-
plaint only alleged generally that the Government copied
his ideas—and ideas cannot be copyrighted as a matter of
law.  *See Aljindi II*, 2022 WL 17330006, at *1.  The Court
of Federal Claims agreed and dismissed Dr. Aljindi's copy-
right infringement claim.

Dr. Aljindi appeals.  We have jurisdiction under
28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Court of Federal Claims' dismis-
sal of a complaint for failure to state a claim.  *Turping
v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019).  "A
motion to dismiss . . . for failure to state a claim upon which
relief can be granted is appropriate when the facts asserted
by the plaintiff do not entitle him to a legal remedy."  *Boyle
v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  In
reviewing such a dismissal, we "accept all well-pleaded fac-
tual allegations as true and draw all reasonable inferences
in [the appellant's] favor."  *Id.*  But "regardless of whether
the plaintiff is proceeding *pro se* or is represented by coun-
sel, conclusory allegations or legal conclusions masquerad-
ing as factual conclusions will not suffice to prevent a
motion to dismiss."  *Scott v. United States*, 134 Fed. Cl.
755, 758 (2017) (quoting *McZeal v. Spring Nextel Corp.*,
501 F.3d 1354, 1356 (Fed. Cir. 2007)).

On appeal, Dr. Aljindi argues that the Court of Federal
Claims erred in dismissing his claim for copyright

---

[1]    Citations to "SAppx." refer to the Appendix at-
tached to the appellee's brief.

infringement.  Appellant's Br.[2] 4.  Specifically, Dr. Aljindi argues that the "Government used [his] property in ALL formal AI Strategies published by the federal government . . . as [he had] discovered this entire scientific field in its entirety."  Appellant's Br. 13.  In other words, Dr. Aljindi argues that he discovered the scientific field of "Information Security, Artificial Intelligence (AI), and Legacy Information Systems (LIS)," and thus that the government's subsequent use of technologies in that field infringed upon his copyright.  Complaint at 2, *Aljindi v. United States*, No. 1:21-cv-01295-SSS (Fed. Cl.) (*Complaint*); *see also* Appellant's Br. 10 ("[H]ow did these federal agencies . . . know about the relationship between AI, Information Security, and LIS without reading and taking my property and building on its formal scientific findings!").[3]

As the Court of Federal Claims explained, the protections of copyright do not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described,

---

[2]   Because Dr. Aljindi's opening brief on appeal includes an attachment, we use the pagination provided in the header of his brief.

[3]   Dr. Aljindi also argues that the trial court erred by dismissing his "Fifth Amendment Taking Claim."  Appellant's Br. 4.  In *Aljindi I*, however, we affirmed that court's dismissal of this claim and remanded only for consideration of his copyright infringement claim.   2022 WL 1464476, at *2–3; *see also Aljindi v. United States*, 143 S. Ct. 436 (2022) (Mem.) (denying Dr. Aljindi's petition for a writ of certiorari).  Dr. Aljindi thus cannot re-raise this issue on appeal from that remand.  *See, e.g.*, *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.").  Accordingly, we do not consider this issue further.

explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b); *see Aljindi II*, 2022 WL 17330006, at *2. An individual can own a copyright on a literary form of their work, but not on "the facts and ideas" contained in that work. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985). Put simply, "[c]opyright protection does not extend to ideas expressed in a copyrighted work." *Boyle v. United States*, 200 F.3d 1369, 1373 (Fed. Cir. 2000).

Here, Dr. Aljindi's complaint identifies the intellectual property allegedly infringed by the government as his "scientific work about Information Security, Artificial Intelligence (AI), and Legacy Information Systems (LIS)." *Complaint* at 2. On appeal, as he did before the Court of Federal Claims, Dr. Aljindi references his doctoral dissertation. *See, e.g.*, Appellant's Br. 10. Dr. Aljindi clarifies in his briefing, however, that his copyright claim is not founded on any alleged infringement of the copyrightable aspects of his dissertation; rather, he explains that "[t]he scientific intellectual property" at issue is "the discovery of the entire Information Security, AI, and LIS scientific field in its entirety and establishing this scientific field from scratch." Appellant's Br. 9; *see also id.* at 10 (Dr. Aljindi arguing that "[e]verything is based on [his] scientific research and [his] own property"); *id.* at 13 (Dr. Aljindi arguing that the "Government used [his] property in ALL formal AI Strategies published by the federal government."). Dr. Aljindi does not identify any specific expression of these ideas and concepts that the government allegedly copied; instead, he repeatedly contends generally that "everything built on top of [his] property is [his] property." *Id.* at 10.

Accordingly, even giving Dr. Aljindi's pleadings the leniency afforded to *pro se* plaintiffs, *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002), Dr. Aljindi has alleged only that the government infringed certain of his "idea[s], . . . concept[s], principle[s], or discover[ies],"

6                                              ALJINDI v. US

17 U.S.C. § 102(b), which by definition cannot be copyrighted. The Court of Federal Claims thus did not err in dismissing Dr. Aljindi's copyright infringement claim.

We have considered each of Dr. Aljindi's remaining arguments and find them unpersuasive.

CONCLUSION

For the above reasons, we affirm the Court of Federal Claims' dismissal of Dr. Aljindi's complaint.

**AFFIRMED**

COSTS

No costs.